

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY R. GODFREY,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-27-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On January 27, 2014, Petitioner Tracey Godfrey filed this action under 28 U.S.C. § 2254. Godfrey is a state prisoner proceeding pro se.

In 2000, Godfrey was convicted of sexual assault and sentenced to serve 60 years, with 30 suspended, for sexual assault and a 10-year term[1] as a persistent felony offender ("PFO"). *See State v. Godfrey*, 95 P.3d 166, 167 ¶ 1, 170 ¶ 21 (Mont. 2004).

In *State v. Gunderson*, 237 P.3d 74 (Mont. 2010) ("*Gunderson II*"), the Montana Supreme Court held that, when a defendant is designated a persistent felony offender, the PFO sentence replaces the sentence that would otherwise be

---

[1] It is not clear whether this term was consecutive or concurrent. *Compare* Order at 3 para. 2, *Godfrey v. Kirkegard*, No. OP 13-0258 (Mont. July 2, 2013), *with State v. Godfrey*, 95 P.3d 166, 170 ¶ 21 (Mont. 2004). But that question does not matter to the disposition here. If the terms were consecutive, Godfrey's current sentence is shorter than his original sentence. If the terms were concurrent, Godfrey's current sentence is the same as his original sentence.

1

imposed for the offense of conviction. *Id.* at 84 ¶ 54 (citing Mont. Code Ann. § 46-18-502 and prior case law). *Gunderson* overruled *State v. Gaither*, 220 P.3d 640, 649-50 ¶¶ 50-55 (Mont. 2009), *State v. Robinson*, 177 P.3d 488, 494-95 ¶¶ 17-18 (Mont. 2008), and the decision in Gunderson's own appeal of a prior conviction, *State v. Gunderson*, 936 P.2d 804, 806-07 (1997) ("*Gunderson I*"). In those cases, the Montana Supreme Court had held that, so long as the total sentence imposed fell within the 100-year maximum authorized term for a PFO, it was not significant whether separate sentences were imposed for the offense and for the PFO designation or whether the PFO sentence replaced the sentence for the offense. Other cases, such as *State v. Fitzpatrick*, 805 P.2d 584 (Mont. 1991), and *State v. Watson*, 686 P.2d 879 (1984), had held that the PFO sentence replaces the *maximum* sentence for the underlying offense by altering the maximum term to 100 years. *Fitzpatrick*, 805 P.2d at 586; *Watson*, 686 P.2d at 889. *Gunderson II* took those cases to mean that a defendant designated a PFO receives one sentence as a PFO and is not sentenced for the underlying offense:

> [W]e now hold that sentences imposed based on an offender's status as a persistent felony offender *replace* the sentence for the underlying felony. We further hold that when a persistent felony offender is convicted on multiple felony charges, the district court can sentence the offender to the maximum sentence allowable on *each* charge.

*Gunderson II*, 237 P.3d at 83 ¶ 54.

On April 16, 2013, relying on the 2010 *Gunderson II* decision, Godfrey

2

petitioned the Montana Supreme Court for a writ of habeas corpus under state law. He alleged that his sentence was illegal on its face because it imposed one sentence for sexual assault and another for his designation as a persistent felony offender. He argued that his sexual assault sentence – sixty years with 30 suspended – should be vacated in favor of the 10-year PFO sentence. Pet. at 3, *Godfrey v. Kirkegard*, No. OP 13-0258 (Mont. filed Apr. 16, 2013).[2] The Montana Supreme Court held:

> Having considered the sentence, we conclude that Godfrey is serving a 60-year sentence, with 30 years suspended, and a 10-year PFO sentence. Under our precedent, the PFO portion of the sentence is invalid, which undermines the entire sentence and requires reconsideration. Consequently, a remand for resentencing is the proper remedy. However, the defect – a separate 10-year PFO sentence – was imposed originally by the District Court. Therefore, the remand must be to the District Court for imposition of a legal sentence.

Order at 3, *Godfrey*, No. OP 13-0258 (Mont. July 2, 2013).

On remand, the trial court imposed a PFO sentence of 60 years, with 30 suspended. Godfrey again petitioned the Montana Supreme Court for habeas relief, claiming that the trial court violated his right to due process and his constitutional protection against double jeopardy by increasing his PFO sentence from 10 years to 60 with 30 suspended. The Montana Supreme Court held that Godfrey's sentence was not facially illegal and so habeas relief was not available under state

---

[2] This and Godfrey's other filings in the Montana Supreme Court are available at http://supremecourtdocket.mt.us (accessed Jan. 31, 2014).

3

law. Order at 2, *Godfrey v. Kirkegard*, No. OP 13-0717 (Mont. Jan. 7, 2014).

Godfrey now petitions this Court to hold that his resentencing violated his federal protection against double jeopardy and his right to due process because he had already discharged the original 10-year PFO sentence when he was resentenced, as a PFO, to 60 years with 30 suspended. Pet. (Doc. 1) at 5 ¶ 13B. In effect, Godfrey also argues that the Montana Supreme Court's conclusion in his first habeas proceeding was wrong, and the court should have vacated the sexual assault sentence but not the PFO sentence, because the PFO sentence replaces the sentence for the underlying offense.

> The United States Supreme Court:
>
> has rejected the doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence. The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. In this case the court only set aside what it had no authority to do, and substituted directions required by the law to be done upon the conviction of the offender. It did not twice put petitioner in jeopardy for the same offense. The sentence, as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense.

*Bozza v. United States*, 330 U.S. 160, 166-67 (1947) (internal quotation marks, parenthesis, and citations omitted). The Supreme Court's observation here disposes of Godfrey's claim that he was entitled to only the remedy he sought, i.e., vacation of the portion of the total sentence that was specifically imposed for sexual assault.

4

As for Godfrey's argument that two sentences were not authorized and only one could be imposed, *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 176 (1873), is almost on point, but not quite. There, the trial court was authorized to impose only a fine or a jail term, but it imposed both a fine and a jail term. The defendant paid the fine and began to serve the jail term. The Court held that, because the lower court's power to punish was limited to either a fine or jail, and the defendant paid the fine, "the power of the court to punish further was gone." *Id.* at 176. But in Godfrey's case, the trial court's power to punish extended to 100 years in prison. Neither a sentence of 60 years nor Godfrey's service of over 10 to date exhausts the trial court's power to punish.

Finally, this situation comes about because Godfrey claimed his sentence was illegal on its face. The fact that he did not receive exactly the relief he wanted does not undermine the constitutionality of the state courts' procedures. The form of Godfrey's sentence was correct when the sentence was imposed in 2000 and when it was revised by the Sentence Review Division (on Godfrey's application) in or before 2004. In 2010, the Montana Supreme Court held the form in which Gunderson's and Godfrey's sentences were imposed did not conform with Montana law. In 2013, presumably after he served at least 10 years, Godfrey claimed the form of his sentence was invalid. To find a federal constitutional violation in Godfrey's current sentence – which altered the form of his original

5

sentence but its substance not a whit – would truly transform sentencing into "a game in which a wrong move by the judge means immunity for the prisoner."

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Montana Supreme Court granted Godfrey's state habeas petition, which alleged the form of his sentence was illegal, and remanded the case for resentencing. At resentencing, Godfrey was sentenced to a significantly longer term as a persistent felony offender, but his sentence for sexual assault was deleted entirely, and the total sentence either remained the same or dropped by ten years. Reasonable jurists would find no federal constitutional violation in the Montana Supreme Court's action. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Godfrey may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Godfrey must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 31st day of March, 2014.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

---

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

7