
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY R. GODFREY,<br><br>          Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>          Respondents. | CV 14-27-M-DLC-JCL<br><br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch issued findings and recommendations denying Petitioner Tracey R. Godfrey's Petition for Writ of Habeas Corpus on March 31, 2014. Godfrey timely filed objections and is therefore entitled to *de novo* review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, the Court adopts Judge Lynch's findings and recommendations in full.

Godfrey was convicted of sexual assault in 2000, and was sentenced to sixty years in prison, with thirty suspended, for the assault, as well ten years as a

persistent felony offender ("PFO"). Godfrey challenged that sentence in 2013. The Montana Supreme Court vacated his sentence and remanded the case to the district court, which then imposed a PFO sentence of sixty years with thirty years suspended – equivalent to his original term for the sexual assault conviction. Godfrey had, at the time of his re-sentencing, served over ten years in prison, and it is unclear whether his original sentences were to run concurrently or consecutively. Godfrey contends in his objections, as he did in his petition, that the Double Jeopardy Clause of the Fourth Amendment to the United States Constitution prevents the district court from increasing the length of his PFO sentence after he allegedly discharged that sentence.

Godfrey's objections focus on the same technical nuance of Montana law as did his original petition: the Montana Supreme Court's decision in *State v. Gunderson*, 237 P.3d 74 (Mont. 2010) ("*Gunderson II*"), and its effect on custodial sentences imposed under Montana's PFO statute. The *Gunderson II* court essentially held that a defendant sentenced pursuant to his PFO status serves a single sentence as a PFO, not one sentence for the PFO and another sentence for the underlying felony which brought the defendant into court in the first place. 237 P.3d at 83. The court noted that its holding did not prevent a district court from sentencing a defendant "convicted on multiple felony charges . . . to the

2

maximum sentence allowable on *each* charge." *Id.* (emphasis in original).

The Court agrees with Judge Lynch that Godfrey's modified sentence, imposed by the district court on remand in order to comply with *Gunderson II*, did not unconstitutionally subject him to double jeopardy or violate his right to due process. Godfrey was not prosecuted or sentenced for the same crime twice, nor was he denied his day in court. Rather, he sits in exactly the same custodial position – if not in a better position – as he did upon his sexual assault conviction in 2000, save a re-labeling of his sentence. As Judge Lynch noted, "[t]o find a federal constitutional violation in Godfrey's current sentence – which altered the form of his original sentence but its substance not a whit – would truly transform sentencing into 'a game in which a wrong move by the judge means immunity for the prisoner.'" (Doc. 3 at 5-6 (quoting *Bozza v. United States*, 330 U.S. 160, 166-167 (1947).)

There being no clear error in Judge Lynch's remaining findings and recommendations,

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 3) are adopted in full. The claims set forth in Godfrey's Petition (Doc. 1) are DENIED on the merits.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

3

The Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

DATED this 2<u>nd </u>day of May, 2014

Dana L. Christensen, Chief Judge
United States District Court