IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED

MAR 26 2019

Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| TRACEY R. GODFREY,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-27-M-DLC<br><br><br>ORDER |

On May 5, 2014, this Court denied Petitioner Godfrey's application for a writ of habeas corpus under 28 U.S.C. § 2254 and also denied a certificate of appealability. *See* Order (Doc. 7). On August 8, 2014, the Court of Appeals denied a certificate of appealability. *See* Order (Doc. 11).

On March 11, 2019, Godfrey filed a document titled "Notice of Impermissible Advisory Opinion." He claims the Court lacked jurisdiction over the habeas petition he presented in 2014 because he was lawfully subject only to a ten-year sentence that should have expired in 2010. It is not clear whether the notice should be treated as a motion under Federal Rule of Civil Procedure 59 or 60 or as a petition for writ of habeas corpus. The Court will address both possibilities.

1

A habeas petition is moot when the petitioner is not "suffer[ing], or . . . threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). When a court opines on a moot issue, its opinion is advisory and prohibited. When Godfrey applied for the writ in 2014, he was in prison due to what he claimed was an unlawful sentence. *See* Pet. (Doc. 1 at 1, 4–5.) The writ of habeas corpus is the available form of judicial redress for unlawful imprisonment. Therefore, Godfrey's habeas application to this Court in 2014 was anything but moot. To the extent Godfrey seeks relief under Federal Rule of Civil Procedure 59 or 60 on the grounds that the 2014 petition was moot, relief is denied.

The concluding paragraph of Godfrey's notice suggests a separate issue. He says, "Because the court lacked jurisdiction to imposed a 2nd sentence pursuant to 46-18-502 for two reasons (1) the case is moot (2) a second sentence for the same statutory offense is illegal, Tracey R. Godfrey is entitled to immediate unconditional release." Notice (Doc. 12 at 2.) This demand is plainly a second application for a writ of habeas corpus under 28 U.S.C. § 2254 against the same criminal judgment that was at issue in the 2014 petition. Godfrey has not obtained leave of the Court of Appeals to file a second application, so this Court lacks jurisdiction to entertain a second application. *See* 28 U.S.C. § 2244(b); *Burton v.*

*Stewart*, 549 U.S. 147. 149 (2007) (per curiam).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. Whether addressed under Rules 59 or 60 of the Federal Rules of Civil Procedure or as an unauthorized second application for relief under 28 U.S.C. § 2254, Godfrey's "notice" is self-defeating. No reasonable jurist would encourage further proceedings. A certificate of appealability is not warranted.

Accordingly, IT IS ORDERED:

1. Viewed as a motion under Fed. R. Civ. P. 59 or 60, the notice (Doc. 12) is DENIED.

2. Viewed as an application for a writ of habeas corpus under 28 U.S.C. § 2254, the notice (Doc. 12) is DISMISSED for lack of jurisdiction as an unauthorized second or successive application.

3. The Clerk of Court shall enter by separate document a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 26ᵗʰ day of March, 2019.

Dana L. Christensen, Chief Judge
United States District Court

3